57 F.3d 1082
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Teresa R. HOLDEN-BUSSEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3168.
 United States Court of Appeals, Federal Circuit.
 May 11, 1995.
Rehearing Denied July 11, 1995.
 
 Before NEWMAN, RADER and BRYSON, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 Teresa R. Holden-Bussey appeals the decision of the Merit Systems Protection Board (MSPB or Board), No. SF-844E-94-0634-I-1, which became final on December 8, 1994. That decision upheld the decision of the Office of Personnel Management (OPM) denying Holden-Bussey's disability retirement application as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 Holden-Bussey was employed by the Department of the Navy from April 16, 1989, until August 16, 1991, when she resigned. By application dated February 28, 1993, but received by OPM on June 14, 1993, Holden-Bussey requested disability retirement as a result of injuries she suffered during a March 1991 automobile accident. Pursuant to 5 U.S.C. Sec. 8453, her application for disability retirement was required to be filed within one year of her separation. Since the application did not meet the one-year time requirement based on either the date on the application or the date it was received, OPM considered whether the deadline should be waived due to mental incompetence.
 
 
 3
 After reviewing the documentation submitted by Holden-Bussey, OPM found she was not mentally incompetent and dismissed her application. On reconsideration, OPM confirmed its initial decision and again denied the application. Holden-Bussey then appealed the dismissal to the MSPB.
 
 
 4
 The MSPB affirmed OPM's decision. The Board relied on specific incidents reflected in the record that directly conflicted with Holden-Bussey's contention that she was mentally incompetent during the one-year period following her separation. Specifically, the Board relied on progress notes made by Holden-Bussey's psychiatrist, Dr. Michael Tolwin. While the notes made clear that Holden-Bussey was experiencing great stress and anxiety, they also reflected that during the pertinent period she moved her residence, attended court several times in connection with a lawsuit related to the automobile accident, applied for Social Security benefits and for benefits from a state program for crime victims, received a job offer, and attended regular physical therapy sessions. The Board concluded that her ability to perform those functions was inconsistent with her claim that she was mentally incompetent during the one-year period following her resignation.
 
 
 5
 The Board's decision is supported by substantial evidence. In finding that Holden-Bussey failed to meet her burden of establishing that she was mentally incompetent during the pertinent period, the Board properly relied on the contemporaneous diagnostic evaluations of her physicians and evidence that she was performing a number of significant functions during that period, including applying for benefits under other state and federal programs, and applying for and obtaining a job. In light of that evidence, the Board was not required to credit the conclusory, one-sentence notes from two of her physicians stating that she was incompetent during all or part of the one-year period following her separation.